FILED

October 30 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 06-0622

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 279N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MARY R. DEMONTINEY,

Defendant and Appellant.

FILED

OCT 3 0 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-06-007
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Carl White, Attorney at Law, Havre, Montana

For Appellee:

Hon. Mike McGrath, Attorney General; Ilka Becker, Assistant
Attorney General, Helena, Montana

Cyndee L. Peterson, Hill County Attorney, Havre, Montana

Submitted on Briefs: September 12, 2007

Decided: October 30, 2007

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mary R. Demontiney appeals from the judgment entered by the Twelfth Judicial District Court, Hill County, upon her guilty plea to the felony offense of tampering with a witness, having reserved the right to appeal the earlier denial of her motion to dismiss the charge. In denying the motion to dismiss, the court reasoned, among other things, that the person Demontiney had contacted regarding a law enforcement officer's theft investigation was a "witness"—as contemplated in §§ 45-7-206(1) and 45-2-101(80), MCA (2005)— because the State of Montana "desired" his testimony at any trial concerning the alleged theft. On appeal, Demontiney argues that the person was merely a potential witness because the investigating officer was seeking only his unsworn statement, rather than testimony, at the time Demontiney contacted him.

¶3 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without

2

merit because the matter is clearly controlled by settled Montana law that the District Court correctly interpreted.

¶4    Affirmed.

/s/ Karla M. Gray
Chief Justice

We concur:

/s/ Jim Rice

/s/ [signature]

/s/ Patricia Cotter

/s/ Brian Morris
Justices